*J. D. New* and *C. E. Walker*, for appellant.

———————————◆———————————

## MILES *v.* LINGERMAN.

GENERAL ISSUE—PROOF UNDER, IN REAL ACTION.—A complaint for the possession of real estate alleged that the plaintiff was the owner and entitled to the possession of the land, and was kept out of possession thereof by the defendant. Answer, a general denial.

*Held*, that under the issue, the plaintiff might prove that he executed a conveyance of the land during infancy, and disaffirmed it on attaining to full age.

INFANT—DISAFFIRMANCE OF DEED BY.—One who has disaffirmed a conveyance made during infancy is not required to tender back the purchase money to support an action to recover possession of the land.

SAME.—The circumstance that land conveyed by an infant has subsequently been sold by the grantee, to a person who did not know of the disability, will not, of itself, prevent the minor from afterward disaffirming the conveyance.

SAME.—To estop the minor from disaffirming the conveyance, on arriving at full age, some act must have been done, or there must have been some omission, after reaching majority, which would work injury to the person in possession under color of title, rendering the disaffirmance a fraud upon him.

MARRIED WOMAN—DISAFFIRMANCE OF DEED EXECUTED BY, DURING COVERTURE AND MINORITY.—Though under our present statute, a married woman may disaffirm a conveyance made by her during minority, and bring an action to recover the lands, without the assent, and even against the will of the husband, yet she will not be estopped from avoiding the conveyance merely by an omission, for any length of time, during her coverture, to disaffirm it, unconnected with any other circumstances.

SAME.—An infant, being a *feme covert*, joined with her husband in the conveyance of her land to A, who, subsequently, without her knowledge conveyed it to B. Near ten years after attaining to full age, being still *covert*, she gave notice to B of her intention to avoid the deed, and

commenced an action to recover possession of the land. Some slight improvements had been made upon it after she conveyed it, of which, however, she knew nothing. She had resided within four miles of the land for two years after she arrived at full age, and within ten miles of it up to the time of trial.

*Held*, that she was not estopped by these circumstances from asserting title to the land.

APPEAL from the *Hendricks* Circuit Court.

RAY, J.—This action was brought by *Paulina Lingerman*, to recover the possession of certain real estate. The averments are her ownership in fee simple, and that she has been kept out of possession wrongfully. The appellant answers, denying the averments.

The proof was that the plaintiff, being the owner of the real estate described in the complaint, joined with her husband, about seven months before she came to her majority, in the execution of a conveyance of the land to. the *Indiana & Illinois Central Railway Company.* At the time of signing the instrument, she notified the agent of the company that she could not execute the deed, by reason of her minority. The property was subsequently conveyed by the company to the defendant. Evidence was also introduced, on the trial, that the plaintiff had given notice to the defendant of her intention to avoid the deed.

The evidence of the minority of the plaintiff, at the time of the execution of the conveyance, was introduced over the objection of the defendant. The objection urged is that the evidence is outside of any issue tendered by the complaint.

It is also insisted that the action cannot be maintained, because there had been no tender of the consideration received by the plaintiff at the time of signing the deed to the company. Each of these objections arises from a misapprehension of the purpose of this suit. The action is not to avoid the deed executed to the railroad company, for that had already been done by the notice she had given to the defendant. The suit was simply to obtain

possession of real estate, of which she averred she was the owner, and damages for its detention. The issue of ownership certainly authorized the proof that when she executed the deed to the railroad company she was a minor, and that she had, since reaching her majority, declared her will to avoid the conveyance. This is proof, of a fact which had already transpired, and a single link in her chain of title, and necessary evidence to support her averment of ownership. But the complaint contains all the allegations required by the statute in this action, and, under these allegations, all proof required to establish title is relevant to the issue formed by a denial of the complaint.

The exception reserved upon the failure to prove an offer to return the purchase money is not well taken. Where the plaintiff is in the possession of the property, and comes into a court of equity, asking to have some cloud removed from her title, she must restore any consideration received from the defendant; she must do equity. But when, having by her own act avoided the deed, she comes into a court of law, demanding possession of property to which she holds a perfect title, no equitable conditions can be imposed upon her by the court. She comes, not invoking the aid of the court to remove a cloud from her title, but demanding possession of property, the title to which she has, by her own act, rendered perfect, without assistance from the equitable power of the court. *Pitcher et al.* v. *Laycock et al.*, 7 Ind. 398.

It is insisted, however, that the deed of an infant cannot be avoided in the hands of a subsequent grantee, who purchased without notice of the minority of the person executing the conveyance to his grantor. This position can only be sustained upon the doctrine of estoppel, for the grantor can convey no better title than he holds, and some act must be done, or there must be some omission, by the minor, after reaching majority, resulting in an injury which would render the avoidance of the conveyance a fraud upon the person in possession under color of title.

The appellant also insists that this suit cannot be maintained, because not commenced until after the lapse of ten years from the time the appellee arrived at full age. There was no proof on the trial of an actual affirmance of the deed executed during infancy, after the appellee reached majority. There was proof, however, that, at the time of her conveyance, she was a married woman, and that she continued under such statutory disability at the time of the trial. 2 G. & H., § 215, p. 161; *id.*, p. 335, art. 48; *Doe* v. *Abernathy*, 7 Blackf. 442. Under our present statute, the wife may bring her action in regard to her own estate as though she were a *feme sole;* still our legislature has seen proper to continue the protection formerly accorded to her as a *feme covert*, although, as to her power to disaffirm her contracts made during minority, her legal disability has been removed. She has the legal power to disaffirm her contracts made during infancy, and to bring her action without the assent, and even against the will, of her husband. But the legislature has not required her to exercise that power during coverture. It might result, indeed, that the exercise of that power, without the consent of the husband, would impair the harmony of the marriage relation. The law, therefore, having empowered the wife to act, is still careful not to require such action as might, perhaps, imperil her domestic peace, in the effort to secure her property. We do not decide that there may not be circumstances under which, having the legal power to act, the neglect to do so would amount to a fraud upon third parties, and prevent any after disaffirmance of her conveyance. Nor do we decide that even her failure to act, under such circumstances, would be an affirmance of the deed, and pass from her a title, which our statute declares can only be divested by a conveyance in which her husband has united. The evidence does not require us to decide this question, and it may be that no evidence in this case could present the point for our consideration, but the husband, having united with his wife in the deed while she

was a minor, would be held to be estopped from asserting a right to dissent from her affirmance of the instrument after she reached her majority.

There was proof that the railroad company, to whom the appellee conveyed the land in question, had notice both of the minority and marriage of the grantor, and that she then agreed to re-acknowledge the deed upon the completion of the road; that the road was still unfinished; that she never knew of any contract or offer of sale by the company, nor was she aware of the conveyance, or of even the slight improvements having been placed upon the property, until she gave notice of her intention to avoid the deed, and the suit was brought within a few months after that time. The land was unimproved when conveyed. We hold that, under these circumstances, she is not precluded from asserting her title to the land, although she resided within four miles of the property for two years after she arrived at full age, and within ten miles thereof up to the time of the trial.

The judgment is affirmed, with costs.

*C. C. Nave* and *B. K. Elliott,* for appellant.

*P. S. Kennedy,* for appellee.