RIGGS v. FISK.

INFANT.—*Conveyance during Infancy.*—*Disaffirmance by Conveyance at Majority.*—*Adverse Possession.*—*Action to Recover Real Estate.*—A conveyance, made by a grantor on attaining the age of twenty-one years, of lands adversely held by one claiming title thereto under a conveyance made by the same grantor during his infancy, is void as against the adverse holder, but operates as a disaffirmance of the first deed, and authorizes the grantee thereunder to sue the adverse holder, in the name of the grantor, for the recovery of such lands.

SAME.—*Entry.*—If, by entry or otherwise, prior to the making of such second conveyance, such grantor has obtained possession of such lands, such conveyance is effectual for all purposes.

From the Vigo Circuit Court.

*J. C. Briggs, S. B. Davis* and *S. C. Davis*, for appellant.
*J. G. Williams*, for appellee.

NIBLACK, J.—This was an action, by John Riggs, against Samuel E. K. Fisk, for the recovery of the possession of a tract of land lying in Vigo county, estimated to contain ten acres.

The complaint was in the usual form. The defendant answered in general denial.

The cause was submitted to the court for trial, upon an agreed statement of facts, which may be summarized as follows :

Welthy A. Bailey, being a married woman, was, on the 27th day of May, 1871, the owner of the tract of land in controversy ; and, on that day, with her husband, Willis R. Bailey, conveyed said land by warranty deed, duly acknowledged and recorded, to one James R. Ernest ; that said Ernest paid the purchase-money, and went into possession under said deed, claiming title to the land, and remained in possession until his death ; that, since the death of Ernest, the defendant, Fisk, has been in possession of said land as his residuary devisee, and has since remained, and still remains, in possession as such devisee; that, at the time the deed to Ernest was made, Mrs. Bailey was a minor under the age of twenty-one years; that, after arriving at the age of twenty-one years, to wit, on the 3d day of September, 1873, the said Welthy A. Bailey and her said husband executed and delivered to the plaintiff, Riggs, a warranty deed for the land in suit, which deed was also duly acknowledged and recorded ; that, on the 4th day of August, 1873, the said Welthy A. Bailey instituted a suit in the Vigo Circuit Court, against the said Ernest, to recover the land sued for in this action, but that said suit was afterward, on the 25th day of October, 1874, dismissed without judgment or prejudice to the rights of either party ; that, on the 8th day of May, 1874, the said Welthy A. Bailey and her husband attempted, by quitclaim deed, duly exe-

cuted and acknowledged, to convey the same land to the said ·Ernest, but·by mistake the land was not properly described in such deed; that the plaintiff has never been in the possession of the land concerning which this suit is prosecuted, but has demanded possession of it before this suit was commenced, both from the said Ernest and the defendant, and was refused such possession by both Ernest and the defendant; that the said Ernest paid to Mrs. Bailey twenty dollars for said quitclaim deed, and that she did not claim to have any title to the land attempted to be conveyed by such quitclaim deed, when it was executed; that neither Mrs. Bailey nor her husband, nor any one else for either of them, has ever refunded any of the purchase-money paid by the said Ernest, and that the plaintiff paid to Mrs. Bailey the full ·amount of the purchase-money agreed·to be paid by him, none of which has ever been refunded.

Upon these facts, the court found for the defendant, and, after overruling a motion for a new trial, rendered a judgment in his favor, upon the finding.

The only error assigned is upon the overruling of the motion for a new trial.

It has been decided by this court, in the very carefully considered case of *Pitcher* v. *Laycock*, 7 Ind. 398, upon what we regard as amply sufficient authority, that an infant's conveyance of land may be disaffirmed, on his attaining his majority, without entry, by conveying the land to another person, and that it is not necessary to return the purchase-money to make such disaffirmance effectual.

In Parsons on Contracts, 6th ed., vol. 1, p. 328, it is said, and we think correctly, that, "If any act of disaffirmance is necessary to enable an infant after attaining his majority to avoid his conveyance made while a minor, it is now well settled that the execution of a second deed, which is inconsistent with the former deed, is itself a disaffirmance of the former deed, although the infant had not

previously manifested any intention to avoid it and had made no entry upon the premises conveyed. The old rule, requiring such entry before the infant could make another conveyance, has long since been done away."

But we are of the opinion, that, to make a second deed, executed as above indicated, effectual for all purposes as a conveyance, the grantor must, at the time of its execution, be either in the actual or constructive possession of the premises conveyed by it.

In Parsons, *supra*, it is further said, in connection with what is quoted as above, that "In some of our States, however, a sale of lands can be made only by one in possession; and in that case the infant should enter before making his conveyance."

By this, as applicable to cases in this State similar to the one before us, we understand the author to mean, that, where lands conveyed by a minor are in the adverse possession of some one else, whether under his deed or otherwise, when he arrives at full age, he must first obtain, by entry or other proper proceedings, the possession of such lands before he can make a second deed that will be effectual to put the grantee into possession.

Thus construed, we regard the rule lastly as above laid down by Parsons, as being a correct and safe one for us to follow, as applicable to the case at bar.

But, while a second deed, made by a minor after he arrives at full age, will not be operative as against a third person in adverse possession, it is still good between the parties, and as to all the rest of the world, except the person in such adverse possession. 4 Kent Commentaries, p. 448; *Steeple* v. *Downing*, 60 Ind. 478.

While such a deed is void as to third persons in adverse possession, it nevertheless authorizes the grantee to prosecute a suit in the name of the grantor, for the recovery of the premises conveyed for the benefit of the grantee *Steeple* v. *Downing, supra.*

Although such second deed of the late minor may be thus void as to some third person in the adverse possession of the land conveyed, we have come to the conclusion, and accordingly hold, that such a conveyance operates as a disaffirmance of the first deed made during the grantor's minority.

Owing, however, to the adverse possession of Ernest at the time Mrs. Bailey conveyed to the plaintiff, there was no error in the decision of the court below.

The judgment is affirmed, with costs.