No. 8439.

## WILEY v. WILSON.

INFANT.—*Disaffirmance of Contract.*—*Deed.*—The question, as to what is a reasonable time within which, after reaching full age, a deed made during infancy, may be disaffirmed, depends upon the circumstances of the case as they appear by the evidence, and is therefore for the jury and not for the court; and it is error to instruct the jury, that, if immediately on reaching full age the infant had knowledge that he was not bound by the deed, but did not disaffirm for a period of ten months, the time was unreasonable.

From the St. Joseph Circuit Court.

*A. Anderson*, for appellant.

*W. G. George*, for appellee.

FRANKLIN, C.—This is an action by appellant against appellee, to recover possession of forty acres of land, in St. Joseph county, the same being part of one hundred and twenty acres of land which the appellant had conveyed to one John Beyler, on the 12th day of April, 1876.

The facts in the case are, in substance, as follows: Appellant, the son of Deborah Wiley and Joel A. Wiley, was born April 12th, 1857, and derived title to this land by a deed made to him while an infant, by his parents. He

traded this land to John Beyler for a storehouse and town lot in said county, on the date above mentioned; and, on the 9th of February, 1879, the appellee, by deed from Beyler, was in possession of the forty acres in controversy. On or about that day, and about ten months after becoming of age, appellant entered on the land, gave to the appellee written notice of his disaffirmance of the conveyance, demanded the land, and took and held possession of the remainder of the one hundred and twenty acres.

This action was commenced on the 1st day of March, 1879. The defendant appeared, proper pleadings were filed and trial had, resulting in a verdict and judgment for appellee, over a motion for a new trial and exceptions by appellant. Appellant assigns as error the overruling of his motion for a new trial.

The only questions discussed are those arising under the sixth and seventh instructions, to which exceptions were duly taken, and the giving of which was assigned as a ground for the motion for a new trial. These are secondary instructions, given after the jury had been in deliberation on the case for some twelve hours, and read as follows:

"6th. I desire to say, that the case was presented to you yesterday upon the agreement, that you should determine from the facts and circumstances of the case as to reasonable time; that is, as to whether the plaintiff did disaffirm in reasonable time. I now desire to say this: If you find from the evidence, that, at and after the time this young man arrived at the age of twenty-one, he knew that he was not obligated by his deed to Beyler (and the law presumes that, after he arrived at the age of twenty-one, he knew this), and if you find from the evidence, that he arrived at the age of twenty-one years on the 12th day of April, 1878, and he took no steps to disaffirm his contract until the 12th day of February, 1879, that time was an unreasonable time."

"7th. If you find from the evidence, that he arrived at the age of twenty-one years on the 12th day of April, 1878, being in the immediate or near vicinity of the land, and that he took no steps to disaffirm that contract until the 12th day of February, 1879, that was an unreasonable time."

The substance of these instructions is, that unless a person, within ten months after he arrives at the age of twenty-one years, disaffirms a contract made while an infant, he is estopped from afterward disaffirming it. Contracts made by infants are voidable, and not void, and, if not executed, may be affirmed or ratified by the infant after he comes of full age, and, if executed, may be disaffirmed by the infant after he arrives at the age of twenty-one years. The authorities are somewhat conflicting upon the question as to whether a mere acquiescence for a period of time short of the statute of limitations, after he arrives at age, will estop him from affirming or disaffirming his contract made while an infant, or whether he is required to act and do something evincing his intention to affirm or disaffirm in a reasonable time. We think the latter is the better rule. But still the question as to what is a reasonable time depends upon the circumstances surrounding each particular case, and must be determined by the jury, and not by the court. What would be reasonable in one case might be very unreasonable in another. It might require very quick action to prevent the intervening of other equities without notice, when the party had knowledge that they were going to intervene. If nothing of that kind was likely to occur, a much longer time would be reasonable.

In the case of *Scranton* v. *Stewart*, 52 Ind. 68, it was held by this court, that, in a case of a conveyance of real estate made by a minor, a disaffirmance in three years and a half after becoming of age was in a reasonable time. In the case of *Miles* v. *Lingerman*, 24 Ind. 385, it was held that a married woman could maintain an action ten years after she be-

Wiley *v.* Wilson.

came of age for lands which she had conveyed while a minor, although they had passed into the hands of an innocent purchaser.

In the case of *Law* v. *Long*, 41 Ind. 586, p. 599, we find the following language : "The authorities all agree that the contract must be disaffirmed.within 'a reasonable time' after the infant arrives of age, but there is great diversity of opinion as to what is 'reasonable time.' "

An examination of the above authorities will show that the time required ranges from one to twenty years, according to the peculiar circumstances of each case.

Under the foregoing authority, an instruction, that a disaffirmance of a conveyance of land by a minor, made within ten months after the grantor has arrived of age, was not within a reasonable time, without showing any circumstances making haste necessary, would certainly not be in accordance with the law.

Again, according to the introduction of the sixth instruction, the question as to the reasonableness of the time was the only question agreed to be submitted to the jury, and it was not the province of the court to take it out of their hands and determine it for them. It was not for the court to say whether ten months or ten years was not a reasonable time for the disaffirmance.

These instructions were clearly wrong, for which a new trial ought to have been granted, and for the refusal of which the judgment below ought to be reversed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment below be, and the same is, in all things reversed, at appellee's costs, and that the cause be remanded with instructions to the court below to grant a new trial, and for further proceedings in accordance with this opinion.