No. 10,315.

SIMS *v.* BARDONER ET AL.

|     |     |
| --- | --- |
| 86  | 87  |
| 136 | 37  |
| 86  | 87  |
| 142 | 534 |

MARRIED WOMAN.—*Infancy.*— *Coverture.*— *Conveyance.*—*Possession of Real Estate.*—The conveyance by an infant married woman and her husband of her real estate is voidable as to her; but, where such a conveyance was

executed prior to 1847, it operates as an absolute transfer of the husband's interest in the land, and entitles the grantee and his heirs to the possession of the land during the joint lives of the grantors.

SAME.—*Action to Quiet Title.*—*Disaffirmance.*—Where, at the time of the disaffirmance by the wife of such a conveyance, the grantors were alive, an action to ascertain and quiet her title is the only appropriate remedy of the wife.

SAME.—*Limitation of Action.*—After disaffirmance such action may be commenced at any time during the continuance of the estate in the grantee or his heirs.

SAME.—*Double Disability.*—*Reasonable Time.*—The conveyance of an infant married woman may be disaffirmed by her within a reasonable time after the removal of her double disability.

SAME.—*Statute of Limitations.*—The right to disaffirm after removal of disability must be exercised before the statute of limitations has become a bar to an action to recover the land conveyed.

SAME.— *Commencement of Action.*—It is the disaffirmance which avoids the deed of an infant, and not the bringing of the action to recover the land conveyed.

SAME.—*Case Stated.*—*Lapse of Thirty-Three Years Not a Bar.*—Where a woman, married in 1844 at sixteen, within a year joined her husband in the conveyance of her land, the consideration being received by him, but in 1881, her husband joining, gave notice of her disaffirmance of the deed, she is not estopped by any statute of limitations from bringing an action to determine and quiet her title to the land so conveyed. In such case the disaffirmance was within a reasonable time.

From the Hamilton Circuit Court.

*A. F. Shirts, G. Shirts, H. Dailey* and *W. N. Pickerill,* for appellant.

*D. Moss, W. Neal, R. R. Stephenson* and *W. S. Christian,* for appellees.

MORRIS, C.—This suit, which is in the nature of a suit in equity, was brought by the appellant against the appellees, to ascertain her interest in, and quiet her title to, certain real estate situated in the county of Hamilton, and State of Indiana.

The complaint states that the appellant was, on the 24th day of July, 1844, married to the appellee John F. Sims, and that they have continued to be ever since husband and wife; that prior to their marriage she was the owner in fee simple of the west half of the northwest quarter of section 7, township 19

north, of range 5 east, in said county and State; that, on the day and year aforesaid, the plaintiff and her said husband executed to Henry Bardoner a deed purporting to convey to him said real estate; that the appellee Peter Bardoner is the heir of said Henry Bardoner, who died intestate, and as such claims title to said real estate; that at the time the appellant and the appellee Sims executed said deed to said Henry Bardoner she was a minor, of the age of sixteen years only, which was at the time known to their grantee; that, when she arrived at the age of twenty-one years, she desired to disaffirm her said deed on account of her infancy at the time of the making of the same, but that her husband, John F. Sims, would not permit her to do so; that he was many years her senior, had great influence and control over her will, forbade her disaffirming said deed, refused to join her in giving notice of her desire to do so, and would not allow her to take any steps for the recovery of said land, he having received the consideration paid for said land, which was $2.50 per acre, and appropriated the same to his own use without the appellant's consent; that he continuously refused to allow the plaintiff to take any steps to recover said land, or to give any notice to the grantee or his heir, the appellee Peter Bardoner, of her intention to disaffirm said deed, until the — day of March, 1881, when he joined her in serving a notice upon the appellee Peter Bardoner (said Henry Bardoner having previously died intestate, as aforesaid), of their disaffirmance of said deed. It is averred that the appellee Bardoner denies that the appellant has, or had, any right to disaffirm said deed; and denies that she has any interest in or title to said lands, claiming and giving it out in speeches that he is the absolute owner in fee of the same.

The prayer is, that the appellant's title to said land may be determined and quieted; that said deed, as to her, may be declared void, and for other proper relief.

The appellee Bardoner demurred to said complaint, for the want of sufficient facts. The court sustained the demurrer.

The appellant refused to plead further, and final judgment was rendered upon the demurrer in favor of the appellees.

The sustaining of the demurrer to the complaint is assigned as error.

The deed executed by the appellant and her husband to Henry Bardoner operated as an absolute transfer to him and his heirs of the interest of the husband in said land, and entitled the grantee and his heirs to the possession of the land during the joint lives of the appellant and her husband. It follows, they being alive at the commencement of this suit, that the appellee Bardoner was then rightfully in possession of said land. This being so, the only suit which the appellant could have instituted at any time was a suit to ascertain her interest in, and quiet whatever title, if any, she might be held to have to, said land. Assuming that the deed executed by the appellant had been so disaffirmed by her before the commencement of this suit, as to render it inoperative as to her, the time elapsed from the execution of the deed until the commencement of the suit would not bar the action; such a suit, under the circumstances stated, might be brought at any time during the continuance of the estate of Henry Bardoner, or his heirs, as the grantee of the appellant's husband.

It follows, therefore, that at the time the appellant attempted to disaffirm said deed, her rights, if she had any, were not barred by any statute of limitations.

The deed executed by the appellant and her husband to Henry Bardoner was not void; the deed passed the title, and was voidable only. The deed passed to the grantee the title of the appellant, subject to be divested by her subsequent disaffirmance of it within the proper time. Though the appellant might, perhaps, at any time after attaining her majority, and after the legislation of 1847, notwithstanding her continued coverture, have so disaffirmed the deed as to have enabled her to maintain this action, the question is, did she, upon the facts stated in the complaint, disaffirm the deed within the time allowed by law?

As to what constitutes a reasonable time for avoiding a contract executed by an infant, the authorities are not quite agreed. In equity this may be done during infancy, so far, at least, as to enable the infant to recover the income of the estate conveyed. In the case of *Drake* v. *Ramsay,* 5 Ohio, 251, it was held that the deed of an infant may be disaffirmed at any time, so long as an action of ejectment is not barred by the statute of limitations. In the case of *Wallace* v. *Latham,* 52 Miss. 291, it was held that the more general rule upon the subject is that an infant executing a deed has, until such time as will complete the bar of the statute of limitations after majority, to disaffirm it. Tyler on Infancy and Coverture says, p. 71 : " In case of coverture and the like, the deed of an infant may be disaffirmed within a reasonable time after the disability ceases, unless the party may have done something after age, and while the disability continued, to confirm it." He refers to *Sims* v. *Everhardt,* 102 U. S. 300. In the case of *Bigelow* v. *Kinney,* 3 Vt. 353 (21 Am. Dec. 589), it was held that in a case where all the equities were against the act of disaffirmance, the infant was bound by his voidable contracts, unless disaffirmed within a reasonable time, and that eleven years after majority was not a reasonable time.

What constitutes the reasonable time within which a person who has executed a deed during infancy shall disaffirm it, depends upon the particular circumstances of each case. The right must be exercised before the statute of limitations has become a bar to an action to recover the land conveyed, and it may be, under the circumstances of the particular case, that it should be exercised within a shorter period. It is the disaffirmance which avoids the deed of the infant, and not the bringing of the action to recover the land conveyed.

In the case of *Miles* v. *Lingerman,* 24 Ind. 385, it was held that the deed of an infant *feme covert* might be avoided within a reasonable time after she became discovert, she having done nothing during coverture in affirmance of the conveyance. The court says :

"Under our present statute the wife may bring her action in regard to her own estate as though she were a *feme sole;* still our Legislature has seen proper to continue the protection formerly accorded to her as a *feme covert*, although, as to her power to disaffirm her contracts made during minority, her legal disability has been removed. She has the legal power to disaffirm her contracts made during infancy, and to bring her action without the assent, and even against the will, of her husband. But the Legislature has not required her to exercise that power during coverture. It might result, indeed, that the exercise of that power, without the consent of the husband, would impair the harmony of the marriage relation. The law, therefore, having empowered the wife to act, is still careful not to require such action as might, perhaps, imperil her domestic peace, in the effort to secure her property. We do not decide that there may not be circumstances under which, having the legal power to act, the neglect to do so would amount to a fraud upon third parties, and prevent any after disaffirmance of her conveyance. Nor do we decide that even her failure to act, under such circumstances, would be an affirmance of the deed, and pass from her a title, which our statute declares can only be divested by a conveyance in which her husband has united."

It is intimated, though not decided, that the wife, having the power to disaffirm, may be required to do so if her failure would operate as a fraud upon others; but where she does nothing in affirmance of the deed, it is difficult to see how her mere silence, induced through the controlling influence of her husband, can be construed as a fraud, requiring her to exercise a right before the same has been barred by any statute.

In the case of *Doe* v. *Abernathy*, 7 Blackf. 442, after citing several conflicting cases upon the question as to whether an infant is, upon coming of age, bound to disaffirm a deed made during minority, within a reasonable time, or may do so at any time before the statute of limitations becomes a bar, the court declined to decide the question, but held that, in that

case, the right to disaffirm, having been exercised within five years, was, under the circumstances of the case, exercised within a reasonable time. It is obvious that the court, in holding that the right to disaffirm had been exercised within a reasonable time, took into consideration the fact that the infant grantor had, at or about the time of her majority, become *covert.*

In the case of *Hartman* v. *Kendall,* 4 Ind. 403, Michael Robbins and Rebecca, his wife, who was then seventeen years of age, conveyed certain real estate to Hartman. It was unimproved when conveyed. In 1837 Rebecca attained her majority, and in that year her husband died. She remained a widow for ten years; lived in the near vicinity of the land. In 1847 she married Tubal Kendall, and she and her husband continued to live near the land until 1850, when they demanded dower in the land. Hartman had constantly and greatly improved the land. The question was, whether, under the circumstances, the acquiescence of Rebecca for thirteen years amounted to an affirmance of the deed. The court says:

"It" (avoidance) "must take place in this State within twenty years, or the statute of limitations will be a bar. May circumstances estop a party from asserting the right of avoidance even within that time, and, if so, what are they?." Again the court says: " In the case now before the court, there must be a decision as to the effect of thirteen years' acquiescence, by a party living in the vicinity of the land, with full knowledge of her rights (for where the facts are known all are bound to know the law arising upon them) and with easy opportunity to notify the tenant in possession of an intention to disaffirm, and while improvements were being made by that tenant in the belief that his title was complete ; and we think that effect is to preclude the grantor from exercising the right to avoid her deed."

It is evident that the conclusion reached was the result of the peculiar facts and circumstances of the case. But for

these circumstances, which operated as an estoppel, the conclusion, it may be fairly inferred, would have been different.

The only question decided in the case of *Law* v. *Long*, 41 Ind. 586, and the only one upon which it can be regarded as authority, is, must a party disaffirm a deed executed during minority before bringing his action to recover the land? This question was decided in the affirmative. Other questions are discussed in the case, but it was decided upon that above stated. The case of *Miles* v. *Lingerman*, 24 Ind. 385, is alluded to with seeming approval, certainly, without the slightest intimation of disapproval.

In the case of *Scranton* v. *Stewart*, 52 Ind. 68, the appellant sought to recover the possession of the land in dispute, upon the ground that when she and her husband conveyed it, she was an infant and a *feme covert*. Notice of disaffirmance had been given within five years after the grantor became of age, and the court held it to be within a reasonable time. The judge who prepared the opinion in that case says, that if it was held in *Miles* v. *Lingerman*, *supra*, that the law did not require a married woman to disaffirm her deed made when an infant, and while under coverture, during coverture, it is not the law. He further says, that in *Law* v. *Long*, *supra*, "it was said that the authorities all agree that the contract must be disaffirmed within 'a reasonable time.' * An examination of the above authorities will show that the time required ranges from one to twenty years, according to the peculiar circumstances of each case and the views of different judges and writers." If we substitute the words " until barred by the statute of limitations " for the words "twenty years " in the above statement, it may perhaps be regarded as a correct statement of the law.

Schouler, in his recent work on Domestic Relations, p. 585, says : " Where land had been sold by an infant it was said in a Connecticut case, years ago, the period of acquiescence being thirty-five years, that the infant ought to declare his disaffirmance within a reasonable time ; and similar *dicta* may be

found in other courts; but there seems to be no doubt upon the decided cases, that mere acquiescence is no confirmation of a sale of lands unless it has been prolonged for the statutory period of limitation; and that an avoidance may be made any time before the statute has barred an entry."

The above is, we think, an accurate statement of the general rule upon the subject. It was so held in *Hartman* v. *Kendall, supra.* If the party entitled to disaffirm stands by and sees improvements about to be made or money about to be expended upon the land, he must act promptly in asserting his rights; if he does not he may be estopped, even in one year. But if he does not stand by, if he does nothing in affirmance of the deed and is not called upon by peculiar circumstances to assert his rights, he may disaffirm at any time before his right of entry is barred.

It is true that lapse of time, short of the period of limitation, with slight circumstances, has been held sufficient to sustain an infant's deed; but these cases confirm the general rule. In Illinois and some other states the question is regulated by statute.

The recent case of *Sims* v. *Everhardt*, 102 U. S. 300, decided in 1879, is in point. Ann M. Sims was married to John B. Sims, July 14th, 1844. She was born September 25th, 1828. Her father, April 3d, 1845, conveyed to her the land in dispute in fee, and, on the 28th day of May, 1847, she and her husband conveyed the land to Magdalena Everhardt. Mrs. Everhardt went into immediate possession of the land, paid taxes and a mortgage on the property, and continued in possession, making improvements, until 1871, when she died. The defendants to the suit were her devisees. At the time the deed was made Mrs. Sims stated in writing that she was of age; that she made the statement to induce Mrs. Everhardt to purchase the land. There was evidence in the case that she had been badly treated by her husband before the deed was made; that she was afraid of him; that a look from him would make her do almost anything. On the 14th of

February, 1870, she obtained a divorce from her husband, for his fault. In April following she disaffirmed her deed to Mrs. Everhardt.

Justice STRONG, who prepared the opinion in the case, reviewed the decisions of this court upon the subject, and concludes, correctly we think, that they do not establish the rule that a married woman who had executed a deed with her husband when an infant, conveying her real estate, must disaffirm the same within a reasonable time after attaining her majority. In speaking of the case of *Scranton* v. *Stewart*, 52 Ind. 68, the court says: "The Supreme Court held that her disaffirmance was in time. It was all the case required. But the judge went on to declare that a married woman who has made a deed of her lands during her infancy and coverture must disaffirm it within a reasonable time after she arrives at age, notwithstanding her coverture, and that the fact of the continued coverture would not extend the time for the disaffirmance. All this was *obiter*." The court approves the rule as stated in *Miles* v. *Lingerman, supra*.

The court further says: "When the deed was made, she," Mrs. Sims, "was laboring under a double disability,—infancy and coverture. Even if her deed and that of her husband had not conveyed his marital right to the possession and enjoyment of the land, she would have been under no obligation, imposed by the statute of limitations, to sue until both the disabilities had ceased ; that is, until after 1870. It is an acknowledged rule that when there are two or more co-existing disabilities in the same person when his right of action accrues, he is not obliged to act until the last is removed. 2 Sugden Vendors, 103, 482 ; *Mercer's Lessee* v. *Selden*, 1 How. 37."

The above rule seems to have been overlooked by BUSKIRK, C. J., in *Scranton* v. *Stewart*. It is not the tacking of one disability to another, but claiming, in accordance with the obvious meaning and spirit of the statute, the longer of two existing disabilities. How can it be said, that the removal of the less of two co-existing disabilities shall have the effect

to terminate the greater? The joinder of the husband in the execution of the deed prevented the running of the statute of limitations, and no reason can be perceived why it should be held that her coverture is removed as to the disaffirmance of her deed. Bishop, in his work on Married Women, vol. 2, sec. 516, says: "If the infant is also a married woman, the disability of coverture enables her to postpone the act of avoidance to a reasonable time after the coverture is ended." *Dodd* v. *Benthal*, 4 Heisk. 601; *Matherson* v. *Davis*, 2 Cold. 443. Schouler (p. 589) agrees with Bishop.

In the case of *Drake* v. *Ramsay supra*, the court held that mere lapse of time would not of itself take away the right to disaffirm the deed of an infant, until his right of entry became barred by the statute of limitations. To the same effect are the following cases: *Cresinger* v. *Welch*, 15 Ohio, 156; *Irvine* v. *Irvine*, 9 Wal. 617; *Prout* v. *Wiley*, 28 Mich. 164.

In *Sims* v. *Everhardt, supra*, the Supreme Court held that Mrs. Sims, having done nothing in affirmance of her deed, and being under coverture and in fear of her husband during her marriage, had a right to disaffirm her deed within a reasonable time after her coverture ceased. The court rested its decision upon the peculiar circumstances of the case, but it is obvious, from the reasoning of the court, that it would have held, had the exigencies of the case required it, that she had, aside from these circumstances, a right to disaffirm after her coverture ceased.

It may be doubtful, under the law as it stood at the time when the deed in this case was made, whether the appellant had the power to effectually disaffirm her deed without the consent of her husband. We need not, however, decide this question. Nor need we decide that, generally, a married woman may disaffirm her deed, made during infancy, within a reasonable time after her coverture ceases. The question is, whether the appellant did disaffirm her deed within a reasonable time after she attained her majority. We say, in the

language of Judge STRONG, that "What is a reasonable time is nowhere determined in such a manner as to furnish a rule applicable to all cases. The question must always be answered in view of the peculiar circumstances of each case." *State* v. *Plaisted*, 43 N. H. 413; *Jenkins* v. *Jenkins*, 12 Iowa, 195; *Stringer* v. *Northwestern M. L. Ins. Co.*, 82 Ind. 100.

It is said that the appellant has stood by for thirty-three years after becoming of age. This is a mistake. There is nothing in the complaint which shows, or tends to show, a standing by, in the legal sense of the words, on the part of the appellant. On the contrary, according to the allegations of the complaint, she is still under coverture. Her husband received the entire consideration for the land conveyed; she was under his control, and he refused to permit her to disaffirm her deed, although he knew she desired to do so; he had great influence over her and restrained her from disaffirming the deed until shortly before the commencement of the suit. She has done nothing in affirmance of the deed. Her grantee knew, at the time the deed was made, that she was an infant and a married woman, as did the appellee, who takes by descent from her grantee. Under these circumstances, though the deed was not disaffirmed until thirty-three years after the appellant had attained her majority, we think she acted within a reasonable time. If there was any standing by on the part of the appellant, if she knew that improvements were being made or that money was about to be expended upon the land, these facts, or any others tending to estop the appellant from exercising her right to disaffirm, should be brought forward by answer. They do not appear in the complaint. We think the court erred in sustaining the demurrer to the complaint.

PER CURIAM.—It is ordered, upon the foregoing opinion, that the judgment below be reversed, at the costs of the appellees.