Richardson v. Pate *et al.*

No. 10,728.

# RICHARDSON *v.* PATE ET AL.

MARRIED WOMAN.—*Infancy.*—*Disaffirmance of Deed.*—*Estoppel.*—*Limitations.*
—In 1859 an infant married woman aged seventeen years joined her husband in the execution of a deed conveying his lands. The husband died in 1880, and nineteen months thereafter she gave notice of disaffirmance to the grantees of the husband's vendee, and four months later sued them for partition, alleging the above facts in her complaint. Answer that the conveyance was for full value, and that the defendants were purchasers for full value, without knowledge of the plaintiff's claim ; that her husband, with the proceeds of his sale, bought other lands near those in controversy, and resided thereon with the plaintiff from 1859 until his death, since which she has resided thereon, and took a third thereof as widow ; that with her knowledge defendants made valuable improvements, and for twenty-three years paid all taxes, yet she failed to disaffirm or give notice of her intention until March, 1882.

*Held,* that the answer was bad on demurrer.

*Held,* also, that the widow could disaffirm at any time after her husband's death within the period that would bar her suit.

*Held,* also, that until her husband's death the statute of limitations did not begin to run against her.

*Held,* also, that the facts pleaded did not constitute an *estoppel.*

APPEAL.—*Notice of Attorney.*—Service of notice of an appeal to the Supreme Court under section 640, R. S. 1881, may be made on the attorney of record, though he has been discharged, unless the appellant had notice of such discharge, and where there are two persons for whom the attorney appeared below, his acknowledgment of notice signed as attorney for one only is sufficient as to both.

From the Ohio Circuit Court.

*A. C. Downey* and *S. R. Downey,* for appellant.

*J. B. Coles,* for appellees.

HAMMOND, J.—The appellant, claiming to be the owner in fee simple of the undivided one-third of certain described real estate in Ohio county, brought this action against the appellees to quiet her title, and for possession and partition.

The appellees answered in two paragraphs. The first was the general denial. The appellant demurred to the second ; her demurrer was overruled ; exception was taken to the rul-

ing; a reply being declined, judgment was rendered for the appellees.

The sustaining of the demurrer to the second paragraph of the answer is the only assignment of error.

The facts stated in the appellant's complaint were, substantially, as follows:

The appellant is the widow of Samuel C. Richardson, who, in 1855, became the owner in fee simple of all the lands of which the appellant claims in her complaint to own one-third. On March 12th, 1859, while the appellant was the wife of Richardson, and when she was only seventeen years of age, she joined with him in a deed of conveyance of said real estate to William T. Pate. Said grantee conveyed a certain described part of said real estate to the appellee Stewart, and the residue thereof to the appellee Pate. The appellant's said husband died August 29th, 1880. The appellant notified the appellees in writing on March 16th and 20th, 1882, that she disaffirmed her said deed to William T. Pate on account of her infancy when the same was executed. This action was commenced July 8th, 1882.

The second paragraph of the appellees' answer was as follows:

"2. For further answer the defendants say, that immediately after the sale of the land described in the plaintiff's complaint to William T. Pate, defendants' grantor, who paid full value for the same, Samuel C. Richardson, the vendor thereof, and the husband of the plaintiff, invested the money for which the same was sold in a farm in Switzerland county, being one hundred acres of land, lying within one mile of the land herein sued for; that said Samuel C. Richardson from 1879 [1859 ?] up to the time of his death was in full possession of the lands so purchased by him, and since his death the plaintiff has been in possession of one-third of the same as the widow of said Richardson, and is the owner in fee simple thereof; that the plaintiff and her husband, since the 12th day of March, 1879 [1859 ?], have resided continuously within

less than one mile of the premises in controversy, which was on said date sold to said William T. Pate, and by him sold to these defendants for full value. Up to the time of the death of said Samuel, and since said Samuel's death, the plaintiff has continued to reside on said farm, within less than one mile from said premises, up to the 21st day of March, 1882; the plaintiff being of the age at which she was legally competent to disaffirm said deed ever since the — day of ———, 1860; and that defendants and their grantor, William T. Pate, have made lasting and valuable improvements on said premises, and have paid all taxes and assessments thereon for twenty-three years last past, without any knowledge of the plaintiff's pretended claim; and she, having a full knowledge of all the above facts, failed and neglected to disaffirm said deed of conveyance from said plaintiff and her husband to said William T. Pate, and to notify these defendants, or either of them, of her intention to disaffirm the same, prior to the — day of March, 1882; that, by reason of the foregoing premises, the defendants say that the plaintiff has no equity, and has affirmed said deed in whole and in part since her arrival at full age. Wherefore," etc.

Prior to the act of December 20th, 1865 (section 2943, R. S. 1881), the conveyance by an infant *feme covert* of her inchoate interest in her husband's real estate, by joining with him in a deed, was, like any other conveyance of a minor, voidable at her pleasure on the removal of her disability. Said act of 1865, which authorizes an infant married woman to join with her husband in the conveyance of his real estate, the same as if she were of lawful age, does not apply to the present case. The conveyance in which the appellant joined with her husband, and from which she seeks relief in this action, was made prior to that enactment. It occurred also prior to the act of March 5th, 1861 (sections 2940-1-2, R. S. 1881), authorizing, in certain cases, married women under the age of twenty-one years, to join with their husbands in the conveyance of real estate belonging to the latter.

The appellant being seventeen years of age in 1859, when the conveyance was made, attained her majority in 1863. Her husband died seventeen years afterward. The first question to be considered is whether she was bound to disaffirm in a reasonable time after arriving at age, or whether such disaffirmance was sufficient if made in a reasonable time after the removal of the disability of coverture. Prior to our present code married women were regarded as being under legal disabilities. Section 797, code of 1852. And persons who were under legal disabilities when the cause of action accrued might then, as now, bring their action within two years after the removal of the disability. Section 215, code of 1852; section 296, R. S. 1881.

It was stated in *Scranton* v. *Stewart*, 52 Ind. 68, though the question was not directly involved in the case, that the deed of an infant *feme covert* must be disaffirmed within a reasonable time after she arrives at age, notwithstanding her coverture. Upon that point that case was disapproved in *Stringer* v. *Northwestern Mutual Life Ins. Co.*, 82 Ind. 100, and the contrary doctrine was clearly held in *Sims* v. *Bardoner*, 86 Ind. 87 (44 Am. R. 263). See, also, *Miles* v. *Lingerman*, 24 Ind. 385, and *Sims* v. *Everhardt*, 102 U. S. 300. We are of the opinion that, before the present code, which does not affect the case at bar, the conveyance of an infant married woman might be disaffirmed by her in a reasonable time after she became *discovert*. She might have disaffirmed it on arriving at age, but her right to do so was not prejudiced by the delay until after the termination of coverture. This question is so thoroughly and ably discussed in the cases above cited that a reference thereto is sufficient.

What is a reasonable time for a disaffirmance after the removal of the disability or disabilities is not well settled by the authorities. In *Sims* v. *Bardoner*, *supra*, it was said: "What constitutes the reasonable time within which a person who has executed a deed during infancy shall disaffirm it, depends upon the particular circumstances of each case. The

right must be exercised before the statute of limitations has become a bar to an action to recover the land conveyed, and it may be, under the circumstances of the particular case, that it should be exercised within a shorter period. It is the disaffirmance which avoids the deed of the infant, and not the bringing of the action to recover the land conveyed." In *Doe* v. *Abernathy*, 7 Blackf. 442, it was held that the lapse of five years, after the removal of the disability, did not prevent the disaffirmance of a deed made during the infancy of the grantor. In *Wiley* v. *Wilson*, 77 Ind. 596, this court, after reviewing the authorities upon this question, said : "An examination of the above authorities will show, that the time required ranges from one to twenty years, according to the peculiar circumstances of each case." In *Drake* v. *Ramsay*, 5 Ohio, 251, and *Wallace* v. *Latham*, 52 Miss. 291, it is held that an infant may disaffirm at any time, so long as an action is not barred by the statute of limitations. It was said by this court in *Stringer* v. *Northwestern Mutual Life Ins. Co.*, *supra:* "There is no reason in principle for saying that the right to disaffirm a deed on account of infancy shall be cut off by lapse of time short of the period prescribed in the statute of limitations, for bringing an action to recover the property, unless it be on the principles of estoppel, and it must be an exception to the ordinary rule, if there can be an estoppel where there has been no change in the position of the parties in respect to the matter in dispute, detrimental to the one who pleads the estoppel." This court also said in *Sims* v. *Bardoner, supra:* " If the party entitled to disaffirm stands by and sees improvements about to be made or money about to be expended upon the land, he must act promptly in asserting his rights; if he does not he may be estopped, even in one year. But if he does not stand by, if he does nothing in affirmance of the deed and is not called upon by peculiar circumstances to assert his rights, he may disaffirm at any time before his right of entry is barred."

We think the quotations from the last two cases correctly

express the law, and that the disaffirmance may be made at any time within the period in which an action is not barred by the statute of limitations, unless such disaffirmance is sooner prevented by a ratification of the deed or by some act or omission that amounts to an estoppel.

In the case at bar, the appellant had no right of action until the death of her husband. Her interest in the land up to that time was wholly contingent upon her surviving him. Her cause of action accrued at her husband's death. Her disaffirmance was made within nineteen months after his death. It was certainly in time under all the authorities in this State or elsewhere that we have been able to find. The appellees' answer does not state any fact showing an affirmance of the deed by her.

It remains only to consider whether it states any fact that estops her from asserting title. The answer avers that the appellees, with the knowledge of the appellant, have made valuable and lasting improvements upon the land. But what these improvements are, or when they were made, is not stated. It is not averred they were made after the death of the appellant's husband. If they were made prior thereto, they could not, in any event, affect her right of disaffirmance.

The fact that full value was paid to her husband for the land, and that with the purchase-money other lands were bought of which she has received one-third as her husband's widow, did not prevent her disaffirmance nor bar her right to recover. It was not necessary for her to return the purchase-money in order to disaffirm the deed. Pitcher v. Laycock, 7 Ind. 398 ; Miles v. Lingerman, supra; Riggs v. Fisk, 64 Ind. 100.

By the statute in force when the deed was made by the appellant's husband to the appellees' grantor, and still in force, the appellant, at the death of her husband, was entitled to one-third of all the real estate of which he may have been seized in fee simple at any time during the marriage and in the conveyance of which she may not have joined in due

form of law.   Section 2491, R. S. 1881.   The deed in which she joined with her husband in 1859, when she was a minor, was, under the allegations of her complaint, avoided by her disaffirmance after the removal of her disability.   The second paragraph of the appellee's answer fails to show that she was prevented from disaffirming by reason of any previous affirmance or estoppel occurring while she was not under legal disability.   We must, therefore, hold that there was error in overruling the appellant's demurrer to that paragraph of answer.

Judgment reversed at appellees' costs.   The demurrer to the second paragraph of the answer will be sustained by the court below and further proceedings had in accordance with this opinion.

Filed Nov. 27, 1883.

## ON PETITION FOR A REHEARING.

HAMMOND, J.—The appellees' grounds for a rehearing, as stated in their petition, are as follows:

" 1. Because this court had, and has, no jurisdiction to render judgment of reversal;

" 2. Because the judgment of reversal is not based on correct principles of law or equity, and is erroneous."

The record shows that the final judgment was rendered in the court below on January 19th, 1883, and that the appellant then prayed an appeal to the Supreme Court, which was granted.   On February 12th, 1883, the appellant served notice in writing on the clerk below and the attorney who appeared of record for the appellees in that court, to the effect that the appellant appealed from the judgment in said cause to the Supreme Court.   Service of the notice was acknowledged by the clerk and by the appellees' said attorney, the latter writing after his name the words "Att'y for def't Pate."   The transcript of the record was filed in this court on February 23d, 1883.   The case, on May 29th, 1883, was submitted on the appellees' default.

In support of the petition for a rehearing, and also with the view of having the appeal dismissed, the appellee Stewart files his affidavit, stating that after the rendition of the judgment below, and before the appeal, he had discharged his attorney from further service in the case on account of an agreement of compromise with the appellant. The affidavit does not state that the appellant had notice of the discharge of the attorney, nor that the affiant did not have knowledge of the service of notice on the attorney, or of the filing of the transcript in this court, or the action here taken on the same before the decision herein was made.

We think the appeal was properly taken, and that this court had complete jurisdiction. One of the methods of appealing to this court, after the close of the term at which a judgment is rendered in the trial court, is by serving a notice in writing on the adverse party or his attorney, and on the clerk of the court in which the proceedings were had, stating the appeal from the judgment, or some specific part thereof. Section 640, R. S. 1881. Service on the attorney who appeared of record is as good as upon the party himself, in the absence of a showing that the party proposing to appeal had notice of the attorney's discharge. The fact that the attorney accepted notice as but for one of the parties can make no difference; the service of notice on *him* is the material point, and when made is good as against all the appellees for whom he appeared of record in the trial court.

As to the second cause for a rehearing, we will say that a re-examination of the questions considered in the principal opinion confirms us in the correctness of the conclusions therein reached.

Petition for a rehearing and motion for dismissal of appeal overruled.

Filed Feb. 1, 1884.