## SHROYER v. PITTENGER ET AL.

[No. 4,397.    Filed May 20, 1903.]

INFANTS.—*Deeds.*—*Disaffirmance.*—*Restoring Consideration.*—In a complaint to set aside a deed made by plaintiff while she was an infant it is not necessary to allege that the consideration was restored before disaffirming the sale, where it is alleged that plaintiff received no consideration for the sale. *p. 160.*

SAME.—*Contracts Voidable.*—Contracts of infants are not void because of nonage, but voidable only. *pp. 160–162.*

SAME.—*Disaffirmance of Contracts.*—The contract of an infant can not be avoided or disaffirmed because of nonage merely until the infant reaches majority. *p. 161.*

SAME.—*Deeds.*—*Disaffirmance.*—The act of disaffirming a deed made by an infant need not be by instrument of equal solemnity, nor in writing served upon the grantee, but may be accomplished by the infant, upon arriving at full age, by some act of positive and distinct dissent inconsistent with the continued validity of the deed. *p. 161.*

SAME.—*Deeds.*—*Disaffirmance.*—Where a married woman twenty years of age residing in Dakota, in January, 1884, executed a deed to real estate in Indiana, the disaffirmance thereof by her after her return to Indiana in November, 1885, was within a reasonable time after arriving at full age. *pp. 162, 163.*

LIMITATION OF ACTIONS.—*Pleading.*—*Amendment.*—Where the amended pleading states a different cause of action from that stated in the original complaint it can not be made to relate back to the time of filing the original so as to defeat the operation of the statute of limitations; but an amendment which amounts to a restatement of the original cause of action does relate back to the filing of the original. *p. 163.*

SAME.—*Pleading.*—*Amendment.*—*Presumption.*—Where the record shows that the pleading filed was "an amended complaint," it will be presumed, in the absence of some showing to the contrary, that it was a restatement of the original cause of action. *p. 163.*

PLEADING.—*Misjoinder of Causes of Action.*—*Demurrer.*—A misjoinder of causes of action is not reached by demurrer for want of sufficient facts. *p. 163.*

From Delaware Circuit Court; *J. G. Leffler*, Judge.

Suit by Flora M. Shroyer against John A. Pittenger and others. From a judgment for defendants, plaintiff appeals. *Reversed.*

Shroyer v. Pittenger.

*W. W. Orr, F. W. Stradling, Rollin Warner* and *A. W. Brady*, for appellant.

*J. N. Templer, C. C. Ball* and *E. R. Templer*, for appellees.

Robinson, J.—Appellant's complaint avers that in 1884 Hannah Cline owned a life estate in certain described lands, with remainder in fee in appellant and two others. Hannah Cline died in 1892. In 1894 and 1895 appellant, by purchase, became the owner of the whole. In 1884 appellant was a minor twenty years of age, a married woman, residing with her husband in the territory of Dakota, and in January of that year she and her husband executed a deed to appellee, conveying to him the undivided one-third in fee of the land, which deed was duly recorded. The deed recites a consideration of $400, but it is averred she received no consideration whatever, that appellee knew of her minority, and that she received no consideration for the conveyance. In 1885 appellant and her children were abandoned by the husband, and she returned to her mother's, Hannah Cline, then residing on the land, and immediately notified appellee that she was a minor when she executed the deed, and that she received no consideration therefor, and that she would not be bound by the same, but repudiated and disaffirmed the deed, and repeatedly thereafter so stated and asserted to him; that thereupon appellee acknowledged that he knew she was a minor when she made the deed, and that she was not bound thereby, and that she had the right to avoid the deed, but that appellee had paid the husband $400 therefor, and that he should be repaid that sum; that appellee, at the time, owned land adjoining, upon which he operated a stone quarry near the dividing line, the strata of stone extending continuously from one tract to the other, and which was of great value for quarrying for market; that thereupon appellant agreed that appellee might operate the quarry on the lands in question until he had been repaid the $400,

and that he would not have the deed recorded, but that the same should be canceled and destroyed; that, pursuant to this agreement, appellee extended the quarry onto not exceeding one-half acre of the lands in question, and removed stone therefrom of the value of $3,000; that appellee has never had possession of the rest of the land, but the same was in the possession of Hannah Cline until her death, and since in the possession of appellant; that appellee has wrongfully placed the deed on record, and claims an interest in the land, which is without right, and is a cloud upon appellant's title; that appellee continues, without right, to quarry stone from the land, and refuses to account to appellant for the value thereof; that on an accounting there is due appellant $2,000; that appellant offers to abide by any order the court may make in the premises. Prayer for an accounting, an injunction to enjoin the further operation of the quarry, judgment for damages, that the deed be declared void, and appellant's title quieted. A demurrer to the complaint was sustained, and on that ruling rests the assignment of error.

The husband did join in the conveyance, but it does not appear that he was of full age. Moreover it is averred that appellant received no consideration for the sale, so that it was not necessary to restore the consideration before disaffirming the sale, as provided in §3364 Burns 1901. See *Miles* v. *Lingerman,* 24 Ind. 385.

The courts of this State, and very generally, construe infants' contracts voidable and not void, for the reason that it is for the sole advantage of the infant that the privilege of avoiding a contract is conferred, and such a construction more often promotes public justice, and operates more advantageously to the infant himself. What confusion exists on the subject has arisen from a careless use of the words "void" and "voidable." An infant's contract might be void for reasons that would render a contract of an adult void. But the better reasoning supports the rule

Shroyer *v.* Pittenger.

that no contract of an infant is void because of his nonage, but all such contracts are voidable only, except contracts for necessaries, and such contracts as he may make by statutory authority, which are binding. See *Fetrow* v. *Wiseman,* 40 Ind. 148; *Law* v. *Long,* 41 Ind. 586; *Sims* v. *Bardoner,* 86 Ind. 87, 44 Am. Rep. 263; *Buchanan* v. *Hubbard,* 119 Ind. 187; *Losey* v. *Bond,* 94 Ind. 67; *Welch* v. *Bunce,* 83 Ind. 382.

An infant's conveyance of lands, being not void, but voidable, can not be avoided or disaffirmed because of nonage, merely, until the infant reaches majority; and no right of action because of infancy at the time of the conveyance, as to lands conveyed, exists until the conveyance has been avoided or disaffirmed. While a conveyance of the same land to some one else after majority, and in disregard of the former deed, is a disaffirmance of the deed made during infancy, yet the doctrine that the act of disaffirmance must be by instrument of equal solemnity with the instrument sought to be avoided no longer obtains. Nor do we understand it to be the rule in this State, as claimed by counsel, that the act of disaffirmance must necessarily be in writing, and served upon the grantee. Such an act would be a disaffirmance, but not exclusively so. Disaffirmance does not consist wholly of some act done, but is a matter both of act and intention, and is accomplished where the party, after full age, and intending to disaffirm, does some act of positive and distinct dissent, inconsistent with the continued validity of the contract made during infancy. The rule is thus stated in *Long* v. *Williams,* 74 Ind. 115: "There are in this State several well recognized modes of disaffirming a voidable deed. The disaffirmance may be by entry upon the land, by a written notice of disaffirmance, by a subsequent conveyance, or by any other equally emphatic act, declaratory of an intention to disaffirm." See *McCarty* v. *Woodstock Iron Co.,* 92 Ala.

463, 8 South. 417, 12 L. R. A. 136; *Singer Mfg. Co.* v. *Lamb,* 81 Mo. 221; *Illinois Land, etc., Co.* v. *Beem,* 2 Ill. App. 390; *Allen* v. *Poole,* 54 Miss. 323; *Dixon* v. *Merritt,* 21 Minn. 196; *Cogley* v. *Cushman,* 16 Minn. 397; *State* v. *Plaisted,* 43 N. H. 413; *Bagley* v. *Fletcher,* 44 Ark. 153; *Drake* v. *Ramsay,* 5 Ohio 251; *Moore* v. *Abernathy,* 7 Blackf. 442; *Buchanan* v. *Hubbard,* 119 Ind. 193; *Craig* v. *Van Bebber,* 100 Mo. 584, 13 S. W. 906, 18 Am. St. 569 and note.

The time within which the deed must be disaffirmed after the infant becomes of full age depends upon the particular circumstances of each case. The object sought to be accomplished in requiring a disaffirmance is to avoid litigation, and to enable the parties to correct the evils without suit and costs. *McClanahan* v. *Williams,* 136 Ind. 30; *Lange* v. *Dammier,* 119 Ind. 567. All the authorities seem to agree that the contract must be disaffirmed within a reasonable time. "What constitutes the reasonable time," said the court in *Sims* v. *Bardoner,* 86 Ind. 87, 44 Am. Rep. 263, "within which a person who has executed a deed during infancy shall disaffirm it, depends upon the particular circumstances of each case. The right must be exercised before the statute of limitations has become a bar to an action to recover the land conveyed, and it may be, under the circumstances of the particular case, that it should be exercised within a shorter period. It is the disaffirmance which avoids the deed of the infant, and not the bringing of the action to recover the land conveyed." In the case at bar the deed was executed in January, 1884, while appellant was living in the territory of Dakota, and upon her return in 1885, and frequently thereafter, she repudiated the deed. She lived with her mother upon the land until the mother's death, and since then she has had possession of the land in question, except about one-half acre. The complaint does not plead any acts or conduct on the part of appellant after the disaffirmance which show

an affirmance of the deed. If there was anything said or done by appellant after the alleged disaffirmance that would show she afterwards confirmed the deed, it would properly be brought forward by answer. The facts pleaded show that the disaffirmance was within a reasonable time after arriving at full age. See *Scranton* v. *Stewart,* 52 Ind. 68 ; *Sims* v. *Bardoner,, supra,* and cases cited.

It is further argued that from the facts pleaded it appears that when the amended complaint was filed the action was barred by the statute of limitations. It is the rule that where the amended pleading states a different cause of action from that stated in the original complaint, it can not be made to relate back to the time of filing the original, so as to defeat the operation of the statute of limitations. *Blake* v. *Minkner,* 136 Ind. 418. But an amendment which amounts to a restatement of the original cause of action does relate back to the filing of the original. As the record shows that the pleading filed was an "amended complaint," it will be presumed, in the absence of some showing to the contrary, that it was a restatement of the original cause of action. It does not appear from the record that a new action was commenced with the filing of the amended pleading. The generally accepted meaning of the term "amended pleading" is the correction of an error committed in the pleading. Anderson's Law Dict. ; Black's Law Dict. ; Burrill's Law Dict. See *Lagow* v. *Neilson,* 10 Ind. 183 ; *Fleenor* v. *Taggart,* 116 Ind. 189 ; *School Town of Monticello* v. *Grant,* 104 Ind. 168.

If, as argued, the complaint has improperly united several causes of action, such defect is not reached by a demurrer for want of sufficient facts. *Baddeley* v. *Patterson,* 78 Ind. 157 ; *Bayless* v. *Glenn,* 72 Ind. 5 ; *Lane* v. *State, ex rel.,* 27 Ind. 108 ; *Cargar* v. *Fee,* 140 Ind. 572. While the complaint contains some matters improperly pleaded, yet there are enough facts well pleaded to withstand a demurrer. The deed was executed by appellant

while under age, and was repudiated and disaffirmed by her within a reasonable time after she became of age. Under the facts averred, she was not required to restore the consideration paid by appellant. She was under age, and received no consideration for the deed, both of which facts appellant knew. Since the death of the life tenant she has resided upon the land, and has had exclusive possession of all the land except about one-half .acre.

The demurrer to the complaint should have been overruled. Judgment reversed.