Sims *et al. v.* Smith *et al.*

No. 10,317.

## SIMS ET AL. *v.* SMITH ET AL.

DEED.—*Married Woman.*—*Disaffirmance by Infant Grantor.*—A married woman who, prior to 1847, and when an infant, joined her husband in conveying her lands, may, if of age and there be no affirmance of the deed by her, disaffirm the conveyance at any time during her coverture. In such case, her disaffirmance matures her right to quiet her title to the land, though the intermediate estate of the grantee of herself and husband continues during the existence of the marriage relation, the husband being entitled at common law to the possession and income of her estate.

SAME.—*Notice.*—The conveyance of the grantee of an infant to a purchaser without notice does not affect the right of the infant to disaffirm her deed.

From the Hamilton Circuit Court.

*A. F. Shirts, G. Shirts* and *W. R. Fertig,* for appellants.

*D. Moss, W. Neal, R. R. Stephenson* and *W. S. Christian,* for appellees.

MORRIS, C.—The appellant Rosanna sued the appellees for the purpose of quieting her title to certain real estate in Hamilton county, Indiana.

The complaint alleges that the appellants were married prior to the 24th day of July, 1844; that on that day the appellant Rosanna was the owner of the west half of the southwest quarter of section 6, township 19 north, of range 5 east, in Hamilton county, Indiana, and that on the same day she and her husband, her co-appellant, conveyed said land, with other real estate, to one Henry Bardoner, who, by divers mesne conveyances, transferred the same by deed to the appellee Martha Smith; she avers that at the time of the execution of said deed she was a minor, under the age of twenty-one years, and that she was then, and ever since has been, the wife of her co-appellant John F. Sims; that, on the — day of March, 1881, and before the commencement of this suit, she and her husband disaffirmed said deed, and notified the appellees of the fact; that the appellees claim to be the absolute

VOL. 86.—37

owners of said land, and deny the right of the appellants to disaffirm said deed as to the appellant Rosanna. Prayer for relief, etc.

The appellees demurred to the complaint. The demurrer was sustained, and, the appellants declining to plead further, final judgment was rendered for the appellees.

The ruling of the court upon the demurrer is assigned as error.

The facts in this case differ from those in the cases of *Sims* v. *Bardoner, ante,* p. 87, and *Sims* v. *Snyder, post,* p. 602, in this: In the latter cases it was alleged that the grantees of the appellants, and their grantees also, had notice of the fact that the appellant Rosanna was, at the time she executed the deed to Henry Bardoner, an infant and the wife of said John F. Sims; and that, when she attained her majority, she desired to disaffirm the deed, but was prohibited from so doing by her husband, who controlled her will. In the present case, no such excuse for delay in disaffirming the deed is alleged.

The question presented for decision is, has a woman who, prior to 1847, and when an infant, joined with her husband in the conveyance of her real estate, a right to disaffirm such conveyance during coverture, and before her right of entry is barred by the statute of limitations?

By the law as it stood prior to the legislation of 1847, the husband had the right to the possession and income of the wife's land during her coverture, and this right he could and did convey to Henry Bardoner in 1844. It follows, therefore, that the right of the appellant Rosanna was not barred by the statute of limitations.

We think that, in the absence of facts and circumstances which would estop the grantor, the deed of an infant may be disaffirmed by him at any time after he attains his majority and before his right of entry is barred by the statute of limitations. *Sims* v. *Bardoner, ante,* p. 87, and authorities there cited. It would seem to follow, therefore, that as, in this case,

the right of entry was not barred, and as the complaint states no fact that could estop the appellant from disaffirming her deed, her right to do so was not unreasonably delayed, and that the demurrer to the complaint should have been overruled..

If an infant, who is also a married woman, makes an instrument voidable because of her infancy, the disability of coverture enables her to postpone the act of avoidance to a reasonable time after the coverture is ended. 2 Bishop Married Women, sec. 516; Tyler Infancy and Coverture, p. 71; Schouler Domestic Rel., 589; *Miles* v. *Lingerman,* 24 Ind. 385; *Dodd* v. *Benthal,* 4 Heisk. 601; *Matherson* v. *Davis,* 2. Cold. (Tenn.) 443; *Sims* v. *Bardoner, supra.*

In the case of *Sims* v. *Everhardt,* 102 U. S. 300, a case precisely like this, except that the wife was abused by, and in great fear of, her husband during coverture, the court says,. after criticising the case of *Scranton* v. *Stewart:*

"But if the law was accurately stated in the opinion given by the court in *Scranton* v. *Stewart,* as applicable to a deed of her lands made by an infant *feme covert* after the statute of 1852, it by no means follows that it should rule the present case. There is a radical difference in the facts of the two cases. Mrs. Sims was married before the act of 1852 or that of 1847 was passed, and while the common law relative to the marriage relation existed. By the marriage her husband acquired a vested freehold interest in her lands, and became entitled to the rents and profits. His control over the usufruct thereof became absolute. His interest extended * as long as the marriage relation continued. It was an interest capable of sale. When, therefore, the deed was made to Mrs. Everhardt in 1846, it gave to the grantee the wife's right, subject to disaffirmance, and the husband's right to the possession and enjoyment of the profits absolutely. When the wife subsequently came of age, she continued powerless to disturb the possession of the grantee, as long as her coverture lasted; for the grantee held not only her right, but also that

of her husband. The most she could have done was to give notice that she would not be bound by the deed. Was she required to do that? To answer the question it is important to keep in mind her condition at common law. The land was not her separate estate, such as the wife had in *Scranton* v. *Stewart*. In regard to it she was *sub potestate viri*, incapable of suing or making any contract without her husband's assent. She could not even receive a grant of land if her husband dissented. Her disability during her coverture was even greater than that of an infant, and it is settled that an infant can not disaffirm his deed while his infancy continues. * * * Why should not the greater disability of coverture be attended with the same consequences?"

We have quoted the above passage because it is applicable to the case in hearing. The case of *Sims* v. *Everhardt* was finally decided upon its peculiar circumstances, but the whole reasoning of the court shows that it would have been held, had the exigencies of the case required it, that a married woman may avoid her deed for land made prior to 1847 or 1852, and while an infant *feme covert*, within a reasonable time after she becomes discovert. In the case of *Stringer* v. *Northwestern Mut. L. Ins. Co.*, 82 Ind. 100, the court, per WOODS, J., says:

"For the proposition that an infant *feme covert* must disaffirm her deed within a reasonable time after arriving at majority, though yet under coverture, counsel seem to rely mainly upon *Scranton* v. *Stewart*, 52 Ind. 68, and *Miles* v. *Lingerman*, 24 Ind. 385. Those cases came recently under a careful and critical examination by the Supreme Court of the United States, in the case of *Sims* v. *Everhardt*, 102 U. S. 300, wherein it was held, in reference to a conveyance in this State in 1847, that a disaffirmance was good, if made within a reasonable time after the ceasing of the coverture. Some stress is laid, in the opinion, upon the fact that the case of *Scranton* v. *Stewart* arose upon a deed made after the laws of 1852 had taken effect, whereby the married woman was empowered to bring suits

concerning her lands, independently of the husband; but, as under those laws she was still entitled to the benefit of the disability of coverture and was not bound to sue, it would seem that no additional duty should be, on that account, imposed on her in reference to the act of disaffirmance, which must, in such case, precede the bringing of the suit. If the express giving of power to sue does not, in respect to the statute of limitations, impose the duty to sue, much less, apparently, can there be inferred, from the grant of that power, a new rule in reference to the act of disaffirmance, in respect to which the laws referred to are entirely silent."

The judge whose language we have quoted says that the point is not involved in the case, and is not, therefore, decided. But we think the language quoted is a very forcible statement of the law as applicable to the case now in hearing. In the case before us the complaint does not show that the appellant Rosanna has done anything in affirmance of her deed to Henry Bardoner, or that she has stood by, or that improvements have been made with her knowledge and assent; her right of entry has not been barred, nor has the statute of limitations yet begun to run against her; she has been under coverture from the time she executed the deed until the commencement of this suit. She is only required to disaffirm her deed in order to mature her right to recover the land. The intermediate estate of the grantee of herself and husband continues, so that, as yet, she can not sue to recover the land conveyed. Under these circumstances, we are inclined to the opinion that the disaffirmance of the deed was within the time allowed by law, and that the court erred in sustaining the demurrer to the complaint.

The appellee took, as against Rosanna, the title of his grantor only, subject to be defeated by a disaffirmance of her deed. If her grantee could, by conveying the land to one ignorant of her infancy and coverture, defeat her right to disaffirm the deed, the law could afford no protection to infants or married

women. The conveyance of the land by her grantee did not affect her right to disaffirm the deed. *Miles* v. *Lingerman,* *supra.*

PER CURIAM.—It is ordered, upon the foregoing opinion, that the judgment below be reversed, at the costs of appellees.