Filed Feb. 13, 1884.

━━━━━◆━━━━━

No. 11,033.

APPLEGATE *v.* CONNER.

| 93 | 185 |
| 140 | 571 |

MARRIED WOMAN.— *Infancy.—Deed.—Disaffirmance.—Estoppel.*—Complaint by plaintiff, widow of J. F. C., for partition of lands, claiming a third in fee as widow. Answer, that in January, 1866, J. F. C. being seized and an adult, and the plaintiff aged nineteen years, she joined him in a conveyance of the lands, and that the title thus conveyed has, by various mesne conveyances, in good faith, without notice in each case, come to the defendant, all intermediate purchasers having taken possession successively, improved and paid taxes, and that the plaintiff all the time

lived in the vicinity, and gave no notice of her disaffirmance until after the defendant's purchase, which was in 1882.

*Held*, that the answer was bad on demurrer, showing no valid conveyance by the plaintiff, nor any estoppel *in pais*.

From the Hamilton Circuit Court.

*D. Moss, R. R. Stephenson* and — *Craig*, for appellant.

*T. J. Kane* and *T. P. Davis*, for appellee.

HAMMOND, J.—Complaint by the appellee against the appellant, in two paragraphs, for the partition of real estate.

The first paragraph alleged that the appellee, as the widow of John F. Conner, deceased, owned the undivided one-third of the real estate, and that the appellant owned the undivided two-thirds thereof. The second paragraph of the complaint averred that her husband, John F. Conner, on January 26th, 1866, owned the real estate in controversy, and on that day conveyed the same to one Ebenezer Applegate; that she joined in the conveyance, but was under twenty-one years of age; that the appellant claims title to the whole of the real estate, by virtue of certain conveyances from said Ebenezer Applegate's heirs and others; that appellee's husband died on January 27th, 1882, and that after his death, and before the commencement of this action, she disaffirmed her said deed by notice to the defendant that she claimed one-third of the land as Conner's widow. Her complaint was filed on March 8th, 1882.

No question is made in this court as to the sufficiency of either paragraph of the complaint.

The appellant answered in three paragraphs. The first, the general denial, was subsequently withdrawn. A demurrer was sustained to the second and third paragraphs, and the appellant declining to amend, judgment for partition was entered in accordance with the prayer of the complaint. Commissioners were appointed, who made partition, and whose report thereof was approved by the court.

The brief for the appellant is devoted to a discussion of the alleged error of the circuit court in sustaining the appellee's

demurrer to the third paragraph of his answer. That paragraph stated, substantially, the following facts: That on January 26th, 1866, said John F. Conner owned in fee simple the real estate in question; that he was the appellee's husband and over thirty-five years of age; that the appellee, then nineteen years of age, joined her said husband in the conveyance of said real estate to said Ebenezer Applegate; that the vendee entered into possession of said real estate under said conveyance, and so remained until May 15th, 1869, when he departed this life, intestate; that soon after his death partition was made of his real estate, and the land in controversy assigned to two of the decedent's daughters; that various conveyances thereafter were made of said real estate, which are specifically stated; that in February, 1882, James and Elizabeth Hartman, who then were the owners, conveyed said real estate to the appellant; that each conveyance named was made in good faith, for full value and without any knowledge upon the part of the respective grantees of the appellee's infancy when she joined with her husband in the deed to Ebenezer Applegate; that each purchaser took and remained in possession during his ownership; that the several grantees, prior to the appellant's purchase, paid the taxes and made valuable and lasting improvements on the real estate; that during all the time of the several conveyances the appellee resided in the vicinity of the land, was intimately acquainted with, and frequently visited at the houses of, the owners thereof, but never until after the appellant's purchase gave any notice of her intention to disaffirm her deed.

. It has been the law in this State since April 13th, 1866, that the infant wife of an adult husband may join with him in the conveyance of his real estate, the same as if she were of full age. Section 2943, R. S. 1881. . But prior to that date, and at the time the appellee joined with her husband in the deed to Ebenezer Applegate, the law was different. Such conveyance by the appellee, she being a minor, was not authorized by the law in force when it was made, unless it was

assented to by her father, or, if she had no father, by her mother, or, if she had neither father nor mother living, by the judge of the circuit court. Sections 2939–2942, R. S. 1881. As the appellant's answer does not aver that her conveyance with her husband was made in accordance with the law then governing such conveyances, it does not show that she was barred by her deed from asserting title after her husband's death. Section 2491, R. S. 1881, therefore applies, and she is entitled to one-third of the land by reason of never having joined in the conveyance thereof in due form of law. Since September 19th, 1881, married women have been barred by estoppels *in pais.* Section 5117, R. S. 1881. But as the law stood before that time it is well settled that one who, during infancy and coverture, made conveyance of real estate, was not subject to estoppel *in pais,* nor compelled to disaffirm her deed, until the removal of the disability of coverture as well as that of infancy. *Sims* v. *Bardoner,* 86 Ind. 87 (44 Am. R. 263); *Wilhite* v. *Hamrick,* 92 Ind. 594.

The third paragraph of the answer does not aver that the taxes were paid and the improvements made after September 19th, 1881. While it avers that the appellant's purchase of the land was made after that time, and also after the death of the appellee's husband, it does not allege that before his purchase she had knowledge of his intention to make the same.

The appellant's third paragraph of answer did not show that the appellee had ever made any valid conveyance of the real estate, nor did it state facts showing that she was bound to disaffirm, sooner than she did, the deed made during her infancy, nor did it state facts sufficient to constitute an estoppel *in pais.* The demurrer was properly sustained.

There is no error in the record that authorizes a reversal.

Judgment is affirmed, with costs.

Filed Feb. 12, 1884.