Sims *v.* Smith *et al.*

Filed Jan. 10, 1885.

———

No. 11,937.

SIMS *v.* SMITH ET AL.

| 99 | 469 |
| 169 | 642 |

DEED.—*Infant Married Woman.*—If a married woman, while an infant, signs and acknowledges, with her husband, a deed for her real estate, and authorizes him to deliver it, and he delivers it with her consent after she becomes an adult, such deed can not be avoided by her on account of infancy.

SAME.—*Husband as Agent.*—A husband may act as his wife's agent, and such agency may be conferred before he acts, or his acts may be subsequently ratified.

SAME.—*Quieting Title.—Complaint.*—A complaint to quiet title, alleging that the defendant who was once seized of the land gives out in public speeches falsely, that her conveyance thereof was made when she was an infant, and that she was still the owner, whereby the plaintiff's title was clouded, is good on demurrer.

SAME.—*Married Woman.—Evidence.*—Upon a complaint to quiet title, alleging the facts to be that the plaintiff, a married woman, was seized of the land and executed a conveyance thereof while an infant, in which her husband joined, and that she had disaffirmed the deed, is not supported by proof that the deed was ineffectual for want of such a certificate of acknowledgment as the statute required to give validity to the deed of a married woman.

Sims *v.* Smith *et al.*

From the Hamilton Circuit Court.

*A. F. Shirts, G. Shirts* and *W. R. Fertig,* for appellant.

*D. Moss, R. R. Stephenson, H. A. Lee, W. Neal* and *J. F. Neal,* for appellee.

COLERICK, C.—This action was brought by the appellant against the appellees to quiet her title to certain real estate in Hamilton county, Indiana. Her husband, John F. Sims, united with her, as a plaintiff, in the institution of the action, but during its pendency he died, and, by reason thereof, it was thereafter prosecuted by her alone. It was averred in the complaint that on the 24th day day of July, 1844, and prior to that time, the appellant was the owner in fee simple of the west half of the southwest quarter of section six (6), township nineteen (19) north, of range five (5) east, containing eighty acres; that on said day she, with her said husband, executed a deed to Henry Bardoner, purporting to convey said land to him, and that he, by divers mesne conveyances, conveyed the same to the appellee Martha Smith; that at the time of the conveyance to Bardoner the appellant was a minor, under the age of twenty-one years, and then was, and ever since had been, the wife of said John F. Sims; that on the — day of March, 1881, before the commencement of the action, she and her husband disaffirmed the conveyance to Bardoner on account of her minority, and notified the appellees of the fact; that the appellees were denying the right of the plaintiffs to disaffirm said deed, and asserting that they were the absolute owners of said real estate. .Wherefore the plaintiffs prayed that said deed be declared void as to the appellant, and that her title to said land be quieted, etc.

To this complaint a demurrer, alleging insufficiency of facts to constitute a cause of action, was sustained, to which ruling the plaintiffs excepted, and refusing to amend their complaint, final judgment, on demurrer, was rendered against them, from which they appealed to this court, where the judgment was reversed. It was then held by this court that the complaint was sufficient. See *Sims* v. *Smith,* 86 Ind. 577. On the re-

manding of the cause to the court below, the appellees filed an answer of general denial to the complaint, and also filed a cross complaint, in which many facts were averred, for the purpose of showing that the appellant had, by certain acts, therein recited, ratified and confirmed the deed so executed by her and her husband to Bardoner, or that she was, by said acts and by omissions to act, bound, at least, by an estoppel *in pais* against disaffirming it, and it was also therein averred that the appellant was, in public speeches, declaring that she was the owner of said real estate, which declarations were false, and cast a cloud upon the appellees' title to said real estate, and prayed that the title of the appellee Martha Smith to the land might be quieted as against the appellant, etc.

A demurrer to the cross complaint was overruled, and there-upon an answer thereto in three paragraphs was filed, to the second and third paragraphs of which a reply in denial was filed. The first paragraph of said answer was a general denial. The issues so formed were tried by the court, who made a special finding of the facts in the case, and its conclusions of law thereon, as follows:

"SPECIAL FINDING.

" This cause having been submitted to the court for trial, the court, at the instance and request of the plaintiffs, with the view of excepting to the conclusions of law, finds the facts specially in said cause as follows:

" That on the 24th day of July, 1844, the plaintiff, being the owner in fee simple of the lands described in the complaint, together with 360 acres of other lands, signed and acknowledged with her husband, John F. Sims, a warranty deed for all of said lands for the purpose of conveying said lands to one Henry Bardoner, in exchange for another body of land in the neighborhood then owned by said Henry Bardoner; that she intrusted her said husband with said deed for the purpose of delivering the same to said Henry Bardoner, who resided in Hamilton county, Indiana. She, the plaintiff, and her husband, then resided in Clinton county, Indiana; that

he, said husband, came to Hamilton county and met said Bardoner at Esquire Hall's, in Hamilton county, on the 1st day of August, 1844, when said Bardoner and his wife signed and acknowledged a deed for their said lands to said John F. Sims; but by reason of some imperfection in said deed from the Sims, said Bardoner failed or refused to accept the same at that time, and said John F. Sims returned to his home in Clinton county, where the plaintiff was then living with him, and in April, 1845, the said Sims returned to Hamilton county with said deed of himself and wife for said lands of his said wife, and said Bardoner thereupon accepted the same, and said exchange of lands was thereupon consummated; and said Henry Bardoner thereupon took possession of the lands in controversy, along with the other lands mentioned in said deed, and he and his grantees, including the defendants in this suit, have held and had the open, notorious, uninterrupted and adverse possession and control thereof ever since, claiming to be the absolute owners thereof, with the knowledge of the plaintiff; that she has resided in the immediate neighborhood of said lands ever since said trade, living within from one to six miles all the time, and knowing that said Bardoner and his grantees were constantly improving them; that the lands that said Bardoner conveyed to said Sims in said exchange were of equal value at the time of the exchange with the lands he had received from the plaintiff; that the plaintiff knew that the deed to said lands had been made to her husband, and made no objection thereto; that in 1847, while living on said lands so received in exchange, she expressed herself as well satisfied with the trade; that the wild lands they had traded were of no use to them, and that the farm they received was well improved, and her husband could make a good living upon it, while he was not able to clear and improve the wild lands; that her step-father and former guardian, after discovering that her said deed had been signed by her while a minor, informed her that her conveyance was not good; and after consultation with her husband upon the

same subject, she thereafter, on divers occasions, expressed herself well satisfied with the trade in the manner aforesaid, and consented to the transfer of the property so received from Bardoner in the manner hereafter found, and did not disaffirm said deed until 1880 and 1881, which the court finds to be an unreasonable delay under the facts and circumstances in the case. The said disaffirmance was in writing, the first signed by herself and the second by herself and husband. The disaffirmance was upon the alleged ground of her infancy at the time of the execution of said deed; that the plaintiff was a minor when she signed and acknowledged the said deed for said lands to Henry Bardoner on the 24th day of July, 1844, but she became of the age of twenty-one years on the 8th day of November, 1844; was, consequently, over twenty-one years of age when the deed was delivered; that the plaintiff was married to John F. Sims previous to the execution by them of said deed to Bardoner, and has remained his wife until his death, which occurred since the commencement of this suit; that the plaintiff had no knowledge of the actual time of the delivery of said deed to Bardoner by her husband, but she authorized him to deliver it, but no specified time was given in which it should be delivered.

"The court further finds that the plaintiff, after she arrived at the age of majority, and had been informed that a deed of real estate made by a person under twenty-one years of age could be avoided, and had consulted with her husband and step-father, who had been her guardian, about the year 1847, concluded to not then attempt to disaffirm said deed, but allowed the lands received from Henry Bardoner for the plaintiff's lands, and deeded to her husband, John F. Sims, to be sold by her husband to her step-father, and joined in a deed therefor to her step-father in 1853, and allowed her husband to purchase another farm with the proceeds and take the deed therefor in his own name, and continue to own and use the same until 1877, when he sold it, and the plaintiff joined in a deed therefor and permitted her husband to use the proceeds

in paying his debts, thus ratifying and confirming the transfer of the land to Henry Bardoner by deed made and acknowledged July 24th, 1844, and delivered to Henry Bardoner by John F. Sims in 1845.

"The plaintiff was, during the time of her residence with John F. Sims as his wife, a woman possessed of sufficient mental force to attend to ordinary household duties and do the shopping for her family and care for her children and keep her house with reasonable and ordinary skill, except during a severe sickness in 1857, when she was so affected as to be delirious for several weeks, and it was three or four months before she recovered her health.

"The rent for the lands during the period it has been occupied by Bardoner and his grantees has been equal to, or in excess of, improvements made on the lands.

"From the facts above found the court makes the following conclusions:

"1st. That the plaintiff take nothing by her complaint.

"2d. That the defendant Martha Smith have her title quieted as prayed for in her cross complaint.

(Signed)   "JAMES O'BRIEN."

The appellant excepted to the conclusions of law, and thereupon, over a motion for a new trial, judgment was rendered in favor of the appellees. The errors assigned by the appellant are:

1st. That the court below erred ·in its conclusions of law upon the facts specially found.

2d. That the court erred in overruling the demurrer to the cross complaint.

3d. That the court erred in overruling the motion for a new trial.

The sole ground on which the appellant, in her complaint, assailed the validity of the conveyance in dispute, was, that at the time of its execution she was an infant. To entitle her to a judgment in the action, it was essential for her to establish, by proof, that fact. The court, in its special finding of

the facts, found that she was an infant at the time she signed and acknowledged the deed, but was an adult at the time of its delivery. Upon the facts so found, the court, as a conclusion of law thereon, correctly declared that the appellant was not entitled to the relief demanded by her. It is well settled by the authorities that the delivery of a deed is a part of its execution (*Gray* v. *State*, 9 Ind. 25), and such delivery is essential to pass the legal title to the property. *Fletcher* v. *Mansur*, 5 Ind. 267. A deed takes effect from its delivery. *Hoadley* v. *Hadley*, 48 Ind. 452. And it may be written, signed, acknowledged and certified, and still be inoperative for want of delivery, whether the grantor be an infant or an adult. *Burkholder* v. *Casad*, 47 Ind. 418. The alleged infirmity of the deed in question grew out of the appellant's supposed disability of infancy, and not of coverture. So, if the first disability did not exist, the second could not overthrow the appellee's title. *Buchanan* v. *Hubbard*, 96 Ind. 1. The language used by this court in the case last cited may be appropriately applied to this case. It was there said: " It is assumed by the appellee's counsel that although the deed was made on the 3d of October, the contract was not complete until the 15th of that month, when possession was delivered, and that as Mrs. Buchanan was of age at that time she can not now avoid the deed. We are strongly inclined to agree with counsel that if the contract was not complete until the 15th of October, and was then consummated by the voluntary delivery of possession, the deed must be sustained. There is much reason for this conclusion. The deed was not voidable because the grantor was a *feme covert*, but because she was an infant, and if the contract was not executed until after Mrs. Buchanan arrived at full age, and was then consummated, the fact that she was a *feme covert* will not impair its force." In this case the execution of the deed was not consummated until the deed was delivered, and as it was not delivered, or the possession of the property conveyed surrendered to the appellee, as found

by the court, until after the appellant became an adult, the deed was valid, although she was then a *feme covert.* The appellant, when she signed and acknowledged the deed, allowed her husband to control its delivery and authorized him to deliver it, but no time was specified for its delivery. For that purpose he acted as her agent, and his act in subsequently delivering it was effective against her. The court specially found that after the delivery of the deed, and after taking possession of the land that was received in exchange for the property in dispute, the appellant " expressed herself as well satisfied with the trade," which indicated a ratification by her of the act of her husband, in consummating the trade by the delivery of the deed. A husband may act as the agent of his wife, and his authority to so act may be given by her to him before he acts, or his acts may be afterwards ratified by her. *Lichtenberger* v. *Graham,* 50 Ind. 288.

It is insisted by the appellant that the facts found by the court in its special finding were not sufficient to operate as an estoppel *in pais* against her, so as to preclude her from avoiding the deed, which, she asserts, was executed by her while an infant. In view of the fact, found by the court, that she was an adult at the time of the delivery of the deed, which was the consummation of its execution, it is unnecessary and would be unprofitable, in this case, for us to consider and determine what acts or omissions to act will prevent a person, after becoming an adult but still laboring under the disability of coverture, from disaffirming a conveyance executed by her while an infant.

The appellant insists that the conveyance, as to her, was void, because the certificate of acknowledgment thereto attached was not in accordance with the requirements of the statute then existing. No such question was presented to the court below for its consideration, either by averments in the pleadings or by proof adduced at the trial. The appellant, in her complaint, assailed the validity of the deed solely upon the ground that she was an infant at the time of its execu-

tion, and the facts therein averred as to the invalidity of the deed were predicated alone upon her supposed infancy at that time, and her right, by reason thereof, to disaffirm the conveyance, and no other question was presented by the answer or cross complaint. It is well settled by the decisions of this court that "In order to bring the parties to an issue, it is necessary to require them to make their pleadings conform to some definite theory, and to be sufficient upon that theory. The theory is to be determined from the general scope and averments of the pleading, and not from isolated or detached averments. Our cases have steadily maintained the rule that a pleading must proceed on a definite theory, must be good on that theory, and must be judged by its general tenor and scope." See *Western Union Tel. Co.* v. *Reed,* 96 Ind. 195, and the cases there cited. Guided and controlled by the rule announced and adhered to in these cases, we must hold that no question involving the validity of the deed in dispute, by reason of the character of its acknowledgment, was presented to the court below for its consideration, and, therefore, none is presented for our review.

It was averred in the cross complaint that the appellant was giving out in speeches, among other things, "that she was an infant when she and her said husband executed said deed to said Bardoner, * * * which statements are false, and made for the fraudulent purpose of casting a cloud on the title of the said Martha (appellee) to the land in controversy," etc. Wherefore the said Martha prayed that her title to said land be quieted as against the appellant, etc. These averments in the cross complaint rendered it, on demurrer, sufficient. If other averments therein, tending to establish an estoppel *in pais* against the appellant from asserting title to the property in dispute, were, as claimed by her, immaterial and irrelevant, it was her right and privilege to have had the same, on motion, stricken out. No such motion was made. The demurrer was properly overruled by the court.

The reasons assigned in support of the motion for a new

trial are many in number, but the only material ones, in view of the conclusion which we have reached, as above expressed, question the sufficiency of the evidence to sustain the special finding of facts by the court.   We have examined the evidence, which is in the record, and find that it tends to sustain the same, and, therefore, we can not disturb the finding on the weight of the evidence.

As the judgment was clearly right on the merits of the case, and as no error affecting the substantial rights of the appellant occurred in the proceedings of the court below, the judgment ought to be affirmed.

PER CURIAM.—The judgment of the court below is affirmed, at the costs of the appellant.

Filed Jan. 9, 1885.