Levering *et al. v.* Shockey *et al.*

No. 11,651.

LEVERING ET AL. *v.* SHOCKEY ET AL.

MARRIED WOMAN.—*Mortgage of Land Acquired by Gift.*—*Estoppel.*—*Deed.*— While the act of 1879 (Acts 1879, Spec. Sess., p. 160) was in force, a mortgage by a married woman, to secure her husband's debt, of lands acquired by gift, was invalid, and a recital in the deed to her, showing a cash consideration, did not estop her from showing by parol evidence that the conveyance was in fact a gift, and not for a valuable consideration.

SAME.—*Statute Construed.*—The present statute, R. S. 1881, section 5117, which subjects a married woman to *estoppel in pais*, is not retroactive.

From the Tippecanoe Superior Court.

*F. H. Levering* and *J. A. Stein*, for appellants.

*W. D. Wallace*, for appellees.

COLERICK, C.—This case is concisely and correctly stated by the appellees in their brief, as follows:

"This was an action commenced by the appellee Sophia E. Shockey, a married woman, to cancel a mortgage executed by her on her separate property to the appellant William H. Levering, trustee, to secure a debt of her husband, Robert C. Shockey.

"The appellant Eliza J. Heath, being the beneficiary for whom Levering acted as trustee, was made a party defendant.

"The mortgage was executed on the 15th day of March, 1880, and the complaint is based on the 10th section of the act concerning married women, approved March 25th, 1879, which forbids a married woman to mortgage her separate property, 'acquired by descent, devise or gift, as a security for the debt' of her husband.

"The complaint shows that the appellee was the wife of Robert C. Shockey at the time of the execution of the mortgage; that the appellant Levering loaned eight hundred dollars in money to her said husband, and took his individual note and certain interest notes for the same; that she executed the mortgage on her separate real estate, which she had long since acquired, and then held, by gift from her said hus-

band, who had conveyed the same to her through the inter-vention of a trustee on the 14th day of June, 1873, and that said mortgage was executed at the solicitation of her said hus-band, and to secure his said loan from Levering, and for no other purpose and upon no other consideration.

" The appellants answered in three paragraphs.

" The first was a general denial.

" The second paragraph, while not denying that the appel-lee had acquired title to the mortgaged property by gift, aver-red that the deed through which she obtained title, executed by John Dickson, the person to whom her husband had con-veyed, imported on its face a valuable consideration, as did prior deeds in the chain of title, and that these deeds were of record at the time of the execution of the mortgage, and that appellants relied upon these records for knowledge of the na-ture of the appellee's title ; wherefore they claimed that she was estopped from asserting that she had acquired the title by gift.

" The court sustained a demurrer for want of facts to this plea, and appellants excepted.

" The third paragraph filed by appellants was a cross com-plaint, in which they declared on the notes and mortgage, in the usual way, and asked for judgment and a decree of fore-closure.

" The appellee answered the cross complaint in two para-graphs.

" In the first she set up the matters averred in her com-plaint, viz., her coverture, separate property in herself ac-quired by gift, and that the mortgage was given as a security for her husband's debt, etc., etc. This answer to the cross complaint the court held good on demurrer, and the appel-lants replied to the same by general denial.

"Appellee's second paragraph of answer to cross complaint was a general denial.

" The issues thus formed were tried by a jury, who found for the appellee, and that the mortgage was invalid and should be cancelled.

" The evidence, which is all in the record, shows that Robert C. Shockey, who was the owner of the mortgaged premises, on the 14th day of June, 1873 (his wife joining therein), conveyed the land by warranty deed to one John Dickson, who, on the same day and at the same time, conveyed the land by like warranty deed to the appellee. Both of these deeds, which were duly recorded, import on their face a consideration of three thousand dollars. The clear, unequivocal and uncontradicted proof, however, was, that there was no consideration whatever for the deeds, but that Dickson was a mere trustee to effect the transfer, and that the transaction was a pure gift from the husband to the wife, and that, too, at a time when he was not in debt."

The only question presented by the appellants for our consideration is, Was Mrs. Shockey estopped, by the recitals expressed in the deeds, as to the consideration upon which they purported to be founded, from assailing the validity of the mortgage, by averring and proving that the deeds were, in fact, executed without consideration, and conveyed to her merely by way of gift the property therein described?

At the time of the execution of the mortgage a statute existed in this State which provided that "A married woman shall not mortgage or in any manner encumber her separate property acquired by descent, devise or gift, as a security for the debt or liability of her husband or any other person." Acts 1879, Spec. Sess., p. 160, section 10. By the explicit language of this statute, Mrs. Shockey was absolutely prohibited from executing the mortgage in question, and as it was executed by her in contravention of the inhibition so imposed, it was and is void. See *McCarty* v. *Tarr*, 83 Ind. 444; *Gregory* v. *Van Voorst*, 85 Ind. 108; *Frazer* v. *Clifford*, 94 Ind. 482.

The actual consideration of a deed may be shown by parol evidence. *Headrick* v. *Wisehart*, 57 Ind. 129; *McDill* v. *Gunn*, 43 Ind. 315; *Stearns* v. *Dubois*, 55 Ind. 257; *Welz* v. *Rhodius*, 87 Ind. 1 (44 Am. R. 747), and cases cited. Either party may show for any purpose, except to defeat its operation

as a valid and effective grant, the true consideration of a deed, although it be entirely different from that expressed in the deed. *Mather* v. *Scoles,* 35 Ind. 1. The consideration expressed is the least important part of the instrument, and may be varied to almost any extent by parol evidence, as the estate created does not depend upon it, but upon the conditions and limitations contained in the instrument, descriptive of its quantity and duration. *Thompson* v. *Thompson,* 9 Ind. 323. When one consideration and no other is expressed in a deed, parol evidence is admissible to prove a different consideration, though the legal effect of the deed may be thereby changed. *Rockhill* v. *Spraggs,* 9 Ind. 30 ; *Andrews* v. *Andrews,* 12 Ind. 348.

It is unnecessary to decide in this case whether such evidence is competent where the interests or rights of subsequent purchasers or creditors, without notice, would be prejudicially affected thereby. Probably in such a case, as a general rule, the recital in the deed as to the consideration would operate as an estoppel in favor of such persons, and preclude, as against them, proof as to the true and actual consideration, if it differed from that expressed in the deed; but such an estoppel could not, under the law of this State, as it existed prior to September 19th, 1881, be created against a married woman. See *Wilhite* v. *Hamrick,* 92 Ind. 594; *Parks* v. *Barrowman,* 83 Ind. 561; *Brandenburg* v. *Seigfried,* 75 Ind. 568; *Suman* v. *Springate,* 67 Ind. 115; *Miles* v. *Lingerman,* 24 Ind. 385 ; *Behler* v. *Weyburn,* 59 Ind. 143 ; *Sims* v. *Bardoner,* 86 Ind. 87 (44 Am. R. 263) ; *Buchanan* v. *Hubbard,* 96 Ind. 1.

It is now provided by statute that a married woman " shall be bound by an estoppel *in pais,* like any other person." R. S. 1881, section 5117. This provision of the statute took effect September 19th, 1881, and is prospective, and not retroactive in its effect and operation ( *Wilhite* v. *Hamrick, supra*), and, therefore, is inapplicable to this case, as the facts upon which the appellants relied as creating and constituting an estoppel against Mrs. Shockey transpired before its enactment.

---

---

A married woman can not, by her own act, enlarge her legal capacity to convey or bind her separate estate. *Bank of America* v. *Banks*, 101 U. S. 240. To hold that Mrs. Shockey was estopped from asserting the invalidity of the mortgage would be equivalent to holding that she had power to execute it, and thus overthrow the statute which prohibited its execution. *Behler* v. *Weyburn, supra; Lowell* v. *Daniels*, 2 Gray, 161 ; Herman Estop., section 215. A court of equity has no more power than a court of law to recognize or give effect to instruments which by statute are inoperative. *Townsley* v. *Chapin*, 12 Allen, 476 ; *Merriam* v. *Boston, etc., R. R. Co.*, 117 Mass. 241; *Bemis* v. *Call*, 10 Allen, 512. She was not estopped from assailing the validity of the mortgage although it was received by the appellants without notice of her legal incapacity to execute it. See *Buchanan* v. *Hubbard, supra; Sims* v. *Smith*, 86 Ind. 577; *Miles* v. *Lingerman, supra; Merriam* v. *Boston, etc., R. R. Co., supra.*

It follows, we think, from the views above expressed and the authorities cited, that the mortgage in question was void, and that Mrs. Shockey was not estopped from assailing its invalidity.

As there is no error in the record the judgment should be affirmed.

PER CURIAM.—The judgment of the court below is affirmed, at the costs of the appellants.

Filed March 12, 1885.